UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-08573 SJO (ASx) | Date | November 21, 2016 |
|---|---|---|---|
| Title | Elizabeth Dominguez v. Bed Bath and Beyond, Inc. et al | | |

| Present: The Honorable | JAMES OTERO, Judge presiding | |
|---|---|---|
| Victor Cruz | Not Present | |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     IN CHAMBERS :

This matter is before the Court on its own motion. On November 17, 2016, Defendants Bed Bath and Beyond, Inc., HoMedics, Inc., and HoMedics USA, LLC (together, "Defendants") filed a Notice of Removal, claiming this Court can properly exercise diversity jurisdiction over Plaintiff Elizabeth Dominguez's ("Plaintiff") complaint, which asserts products liability causes of action under California state law. (See Notice of Removal, ECF No. A.) Plaintiff's Complaint, filed September 7, 2016 in the Superior Court of the State of California for the County of Los Angeles, seeks monetary relief for Defendants' design, manufacture, and sale of an allegedly defective HoMedics Back Massager. (Notice of Removal, Ex. A at 5.)

Defendants argue that the amount in controversy exceeds $75,000 because Plaintiff served them with a "statement of damages" consisting of (1) approximately $14,000 in medical damages; (2) $42,240 in lost earnings; and (3) $150,000 in special damages. (Notice of Removal ¶ 4, Ex. H.) "Although plaintiff's 'statement of damages' is not part of the complaint or the state court file, it does carry more weight than a typical settlement demand or an informal correspondence between the parties." Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1230 (N.D. Cal. 2000). "Pursuant to California Code of Civil Procedure sections 425.10 and 425.11, a plaintiff in a personal injury or wrongful death action may not include a specific damages prayer in her complaint, but, upon request by the defendant, she must provide a detailed statement of damages within 15 days." Id. (citing Cal. Civ. Proc. Code §§ 425.10, 425.11).

Here, Plaintiff's Complaint does not recite a specific dollar amount of monetary damages sought, nor does it specify a range of damages. (See generally Notice of Removal, Ex. A.) Indeed, her Complaint is completely devoid of substantive allegations regarding the nature and extent of her injuries. In light of this absence of factual allegations, the Court does not find Plaintiff's request for $150,000 in "general damages" to be conclusive. Indeed, "while [P]laintiff's estimates . . . exceed the minimum for diversity jurisdiction, the Court finds no support for them in either [P]laintiff's complaint or [Defendants'] Notice of Removal." Surber, 110 F. Supp. 2d at 1231. In this case, the Court "cannot accept [P]laintiff's statement of damages as a conclusive indication of subject matter jurisdiction." Id.; see also Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990) (holding that defendant's bald recitation that "the amount in controversy exceeds $50,000," without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke sua sponte remand).

Nor have Defendants proffered any evidence supporting the reasonableness of Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08573 SJO (ASx) | Date | November 21, 2016 |
|---|---|---|---|
| Title | Elizabeth Dominguez v. Bed Bath and Beyond, Inc. et al | | |

claimed entitlement to $150,000 in general damages as stated in her "statement of damages."  Surber, 110 F. Supp. 2d at 1232.  "Nor does anything in the record indicate that [P]laintiff's $[15]0,000 estimate is anything but a bold and optimistic projection."  Id.  "In order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts." Id. (citations omitted).  Defendants have submitted no such evidence in this case.  Because Defendants have failed to meet their burden of persuasion, the Court rejects their contention that the amount in controversy requirement set forth in 28 U.S.C. section 1332 has been satisfied.  The Court accordingly REMANDS this action to the Superior Court of the State of California for the County of Los Angeles.   See Albingia Versicherungs A G v. Schenker Intern. Inc., 344 F.3d 931, 938 (9th Cir. 2003), amended by 350 F.3d 916 (9th Cir. 2003) ("[I]f it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court court rather than dismissed.").

This matter shall close.    JS-6

Vpc